**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**PETER THOMAS MCGOVERN**                                              **PETITIONER**

**V.**                                          **CIVIL ACTION NO.  3:14CV920 HTW-LRA**

**WARDEN MARSHALL TURNER**                                        **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Peter McGovern filed the instant petition for writ of habeas corpus relief on December 1, 2014.  Respondent moved to dismiss the petition for failure to state a claim upon which relief may be granted.  Alternatively, Respondent contends that the petition should be dismissed as untimely, or for failure to exhaust state court remedies, under the Antiterrorism and Effective Death Penalty Act of 1996.  The Court recommends that the motion be granted for the reasons that follow.

In 2002, McGovern pled guilty to the sale of amphetamines in the Circuit Court of Rankin County, Mississippi, and he is currently in the custody of the Mississippi Department of Corrections ("MDOC").  In 2009, he unsuccessfully sought to be declared eligible for parole though the MDOC's Administrative Remedy Program.  The relevant facts are described in more detail in the state court's opinion as follows:

> In 2002, McGovern was convicted of selling amphetamines. He was sentenced to twenty years in the custody of the MDOC with fourteen years suspended followed by five years of post-release supervision. As best we can tell, in March 2008, McGovern was released and serving his term of post-release supervision when he committed some act that resulted in the revocation of his post-release supervision. He was then returned to custody to serve the fourteen-year term that had previously been suspended.

Having been returned to custody to serve the fourteen-year balance of his sentence, McGovern believed that he should be declared eligible for parole at some unspecified time. However, McGovern achieved no success in the ARP. He was informed that he was not eligible for parole because he had previously been convicted of residential burglary, which was considered a violent offense that precluded him from being eligible for parole. McGovern exhausted his administrative remedies through the ARP.

After the MDOC certified that McGovern had fulfilled the requirements of the ARP, McGovern filed a "motion for parole eligibility date" in the Hinds County Circuit Court. McGovern argued that he was eligible for parole by virtue of the 2008 amendments to Mississippi Code Annotated section 47–7–3 (Supp. 2008). However, the circuit court noted that section 47–7–3 precluded a convict from being eligible for parole in the event of a conviction for the sale of a controlled substance. Because McGovern was serving a sentence for selling amphetamines, the circuit court denied McGovern's request to declare him eligible for parole. Aggrieved, McGovern appeals.

*McGovern v. Mississippi Dept. of Corrections*, 89 So.3d 69, 70 (Miss. Ct. App.  2011),

*reh'g denied* May 22, 2012.

The Mississippi Court of Appeals affirmed the lower court's ruling on December 6, 2011, and denied McGovern's petition for rehearing on May 22, 2012.  On December 1, 2014, McGovern filed the instant petition for federal habeas relief.  As grounds, he does not challenge his underlying guilty plea, nor his revocation proceedings.  Instead, he requests that this Court grant him a "parole eligibility date on his conviction of Miss Code Ann. § 41-29-139 (a)."  Specifically, he asserts (as stated by petitioner):

1.    On July 1st, 2008, Prisoners Probation and Parole law was amended to allow a state law created liberty interest for offenders convicted of Miss Code Ann. § 41-29-139(A) if they did not exceed the amount in Section (B).  M.D.O.C. denied me my right under state law of parole eligibility date on my conviction of Miss Code Ann. § 41-29-139(A) causing restraints on my liberty and extending my time in prison.

2.    My right of equal protection from law is being violated by M.D.O.C. under fourteenth amendment.  M.D.O.C. has paroled thousands of offenders for sales of a controlled substance  Miss Code Ann. § 41-29-139 (A) (amphetamines) but refuses me my right to be reviewed for parole consideration although I have the same

conviction as them and state law states I am parole eligible for my conviction.

3.      M.D.O.C. in refusing to allow my ability to be reviewed for parole consideration have caused the time served on the sentence to lengthen and cause restraint on my state liberty interest and atypical and significant hardship on my state sentence.  MDOC does not apply state law correct or equally to all offenders.[1]

Respondent submits that McGovern's petition should be dismissed for failure to state a claim upon which relief can be granted.  Without waiving this argument, Respondent argues in the alternative that McGovern's petition should be dismissed as untimely, or for failing to exhaust state court remedies.

Federal courts "may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir.1983) (internal quotation marks omitted); 28 U.S.C. § 2254(a).  A habeas petitioner must allege that he or she has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States."  *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).  If a Petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief.  *Id*.  "A petition for federal habeas corpus relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief."  *Wansley v. Mississippi Dept.  of Corrections,* 769 F.3d 309 (5th Cir.  2014) (citation omitted).

---

[1]ECF No.  1.

McGovern's challenge to the Mississippi Parole Board's determination that he was not eligible for parole raises an issue of state law only.  The procedural guarantees of the Due Process Clause are implicated only when a state has a system of mandatory parole. *Id.*  "Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Id.*   *See* Miss.Code Ann. §§ 47–7–3, 47–7–17; *Smith v. Mississippi Parole Bd.*, 478 Fed.Appx. 97, 99 (5th Cir.2012);  *Thigpen*, 732 F.2d at 1217. The parole decision is solely within the discretion of the parole board.  Because McGovern has no constitutional right to parole, he can have no constitutionally protected right to a parole eligibility date.  *Lenoir v. Epps,* Civil Action No.  5:04CV290 -JCS, 2007 WL 951595  (S.D. Miss.  Mar. 27, 2007).  Thus, McGovern's challenge to the denial of parole by the Mississippi Parole Board must be dismissed for failure to state a claim upon which relief can be granted.

To the extent that McGovern claims that his right to equal protection was violated by the denial of parole, "[s]uch an allegation, if proved, would constitute denial of a cognizable federal right." *Thigpen*, 732 F.2d at 1217; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir.  1985) ("equal protection may be violated even though the differential treatment does not relate to a substantive constitutional right"). However, McGovern's petition is subject to the exhaustion requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA).  Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief, and McGovern has made no showing that he

4

exhausted his equal protection claim in state court. *Parr v. Quarterman,* 472 F.3d 245 (5ᵗʰ Cir. 2006). Any attempt by Petitioner to file a second motion for post-conviction collateral relief would likely be dismissed as successive pursuant to Miss. Code Ann. § 99-39-23 (6) (Supp. 2010).[2] Absent a showing of cause or actual prejudice, or that failure to consider this claim will result in a fundamental miscarriage of justice, McGovern cannot overcome the procedural default. *Jones v. Jones*, 163 F.3d 285, 296 (5ᵗʰ Cir. 1998).

Additionally, AEDPA imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). AEDPA provides in relevant part that the statute of limitations shall run from the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It additionally provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(1) and (2). *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[2] That statute provides in pertinent part that an order "dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Supp. 2010).

circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560

U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v.*

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-

year statute of limitations period, but only in rare and exceptional circumstances).

      In the present case, the record indicates that McGovern first discovered the factual

predicate of his claims in 2009.  Specifically, Respondent contends that the statute of

limitations was triggered by McGovern's receipt of a "time allotment sheet" bearing no

parole eligibility date in January 2009.  Assuming that he did not receive this document

until January 31, 2009, McGovern was required to file his federal petition no later than

January 31, 2010.  On May 14, 2009, McGovern filed a complaint with MDOC's

Administrative Remedy Program, thereby tolling the statute of limitations.  As noted

*supra*, his request for judicial review was denied by the Hinds County Circuit Court on

June 22, 2010.  The state appeals court affirmed the lower court's ruling and denied his

petition for rehearing before issuing its final mandate on June 12, 2012.  The statute of

limitations was therefore tolled from May 14, 2009, to June 12, 2012, for a total of 3

years and 29 days, making the instant petition due on March 1, 2013.  Absent additional

tolling, McGovern's petition filed on December 1, 2014 is untimely.

      McGovern has filed no response or otherwise challenged the motion to dismiss.

The instant petition was filed more than one year after the expiration of the statute of

limitations.  He has failed to show that he exercised reasonable diligence in pursuit of his

federal habeas claims, or that some extraordinary circumstance prevented him from filing

before the expiration of the statute of limitations.  *Holland***,** 130 S.Ct. at 2562.  None of

AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's

remaining arguments are relevant or warrant tolling of the statute of limitations.

In sum, McGovern's claim that the Mississippi Parole Board erred in determining

that he was not entitled to parole fails to state a claim upon which relief may be granted

and should be dismissed with prejudice.  McGovern's contention that his equal protection

rights were violated by the denial of parole should be dismissed for failure to exhaust

state court remedies.  Alternatively, McGovern's habeas petition is barred by the statute

of limitations, and should be dismissed in its entirety with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States*

*District Courts for the Northern District of Mississippi and the Southern District of*

*Mississippi*, any party within 14 days after being served with a copy of this Report and

Recommendation, may serve and file written objections.  Within 7 days of the service of

the objection, the opposing party must either serve and file a response or notify the

District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the

proposed findings, conclusions, and recommendations contained within this report and

recommendation, shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

     This the 18th day of June, 2015.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
